UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:   CASE NO.: 19-26480-MAM
Chapter 11

SPERLING RADIOLOGY P.C., P.A.

    Debtor.
_____/

### ALAN ROSENTHAL'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

#### Basis for Emergency Relief

**The creditor respectfully requests that this matter be heard immediately on an emergency basis. The bankruptcy case was filed at the tail end of a jury trial after the Debtor had already been found liable and compensatory damages awarded. The sole matter remaining for the jury, which is impaneled only through December 12, 2019 is punitive damages.**

COMES NOW, Creditor, Alan B. Rosenthal (hereinafter referred to as "Creditor") by and through undersigned counsel, and moves the Court pursuant to Federal Rules of Bankruptcy Procedure 4001-1(C) and 9014 to lift the automatic stay imposed by 11 U.S.C. § 362(a) for cause under 11 U.S.C. § 362(d) and in support of its motion states:

1. The Debtor filed for relief under chapter 11 of the Bankruptcy Code on December 10, 2019.

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 157(b)(2)(A), (b)(2)(G) and 1334.

3. On or about September 2015, Creditor, Alan Rosenthal, filed a Complaint in the Supreme Court of the State of New York County of Bronx for medical malpractice against

1

Danny S. Sperling, M.D. and the Debtor under index number 22205/2016E ("NY State Court Action").

4. This is a medical malpractice action involving an unnecessary experimental focal laser ablation (FLA) procedure on the Creditor's prostate gland by Debtor on September 8, 2015 without proper informed consent when the biopsy procedure performed simultaneously came back negative. When the biopsy came back negative, the Debtor erased, altered or otherwise modified the medical records to read that the Creditor came in as a patient not for his suspected cancer, but instead for his BPH (benign prostatic hyperplasia) which was only mild to moderate and required no intervention. As later shown by Debtor's own expert's informed consent, FLA is contra-indicated for treatment of BPH and can, in fact, cause further symptoms of BPH including further restricted urethra. In addition, the Debtor altered and modified its records after it was served with the summons and complaint in the instant action.

5. On November 19, 2019, the jury returned a verdict for the sum of $2.804 million in compensatory damages in favor of the Creditor, finding that the Debtor deviated or departed from accepted medical practice on or about September 8, 2015 with respect to the following: (i) by performing a MRI-guided FLA procedure on the Creditor's tumors without biopsy confirmation of cancer; (ii) by telling the Creditor that he had more than an 80% chance of cancer; (iii) by failing to ablate the entirety of the tumors during the MRI-guided FLA procedure; (iv) by performing a MRI-guided FLA procedure on the Creditor's prostate for benign prostatic hyperplasia (BPH); and (v) by failing to obtain the Creditor's informed consent to the MRI-guided FLA procedure for the BPH treatment.

6. The trial court granted the Debtor's request to bifurcate the trial into two phases, the second of which would involve the computation of the amount of punitive damages, provided that the jury decided to award the Creditor punitive damages in the first phase.

7. On November 19, 2019, the jury decided not only to award the aforementioned compensatory damages, but also found that punitive damages are warranted here on two separate and distinct grounds: (i) due to the Debtor's willfully adding, altering, overwriting, and/or deleting a part or parts of their medical record; and (ii) for performing an experimental/investigational MRI-guided FLA procedure on the Creditor without disclosing the experimental/investigational status to Plaintiff.

8. The evidentiary hearing before the trial court is ongoing and the continuance of the trial with respect to the computation of punitive damages was scheduled for December 11, 2019.

9. On the eve of the continuation of the jury trial for punitive damages, the Debtor file for bankruptcy in a blatant effort to stay the trial and lose the jury, despite the fact that the Debtor's filing was clearly made in bad faith.

10. The jury is impaneled only through December 12, 2019 and the trial court has advised that the jury will be released at that time unless stay relief is granted. Therefore, immediate stay relief is necessary.

11. It is imperative that stay relief be granted while the jury is still impaneled so as to fully liquidate the claim.

12. The filing of this Motion is without prejudice to any and all additional rights of the Creditor, including motions to dismiss as a bad faith failing or to appoint a chapter 11 trustee.

WHEREFORE, the Creditor, Alan B. Rosenthal, respectfully request that this Court enter an Order granting relief from the automatic stay allowing the Creditor to proceed in the trial court to liquidate its damages and any further relief the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to

practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent by CM/ECF transmission and via U. S. Mail to the parties on the attached mail list this 11th day of December 2019.

>FURR AND COHEN, P.A.
>*Attorneys for Alan Rosenthal*
>2255 Glades Road, Suite 301E
>Boca Raton, FL 33431
>(561) 395-0500/(561)338-7532-fax
>By   /s/*Alvin S. Goldstein*
>   Alvin S. Goldstein
>   Florida Bar No. 993621
>   E-mail: agoldstein@furrcohen.com